Good morning, Your Honors. May it please the Court, my name is Fred Longer. I appear here on behalf of Mr. Westfall and the purported class in this litigation. I would like to reserve four minutes of my time for rebuttal, if I may. Just watch the clock. You may certainly do so. Thank you. May it please the Court, the tension between the interests of the bankruptcy court in promptly closing Metabolites Estate and the rights of the class of all persons who were injured by Metabolites is squarely presented by this appeal. Well, before you get to the merits, why isn't this case moot? Your Honor, this case is not moot for a number of reasons. Well, give me one good reason. Okay, I'll give you one good reason. There's $2.5 million still available to provide effective release for the class. The Brinko ---- Yes, but that's the ---- if I've got the number, if I remember the numbers right, that's a claim, claim 6, pi. And you were in a claim 5, pi. Well, that's where I was. And you didn't appeal the plan confirmation, so the plan is confirmed. It's a dead duck. The class 6 folks signed off on that plan, and those eggs would have to be completely unscrambled, right? Your Honor, the eggs won't have to be unscrambled. And let me address this one point, which I think is a fair comment of Your Honor. The mediated effederate claims are class 5 claims. By definition, the class is not a mediated effederate claim. You put your claim in. You put your claim in under claim 5. Mr. Westphal did. That is correct. Yeah. And the Court dismissed ---- Well, where would I find anything else in claim 6? I didn't hear you. Where would I find anything pertaining to your position in claim 6 category? In the proof of claim itself. The proof of claim asserts a claim on behalf of unsecured creditors who were personally injured by effederate. The plan captured these people and put them into class 5, but the Court excluded those persons other than Mr. Westphal into class 5. So if you look at the definition in the plan itself, page 144 of the record, it says effederate plaintiffs are the plaintiffs in the mediated effederate class or claim. I'm sorry. Mediated effederate cases. And if you look at the definition of ---- on page 147 of the record, of the mediated effederate cases, they are defined specifically as the 259 plaintiffs or the 259 dietary supplement-related personal injury cases, claims and adversary proceedings listed on Schedule A. The class is not listed on Schedule A. I'm having a hard time understanding who, if there are any real people in your purported class, because the mediated claims in claim 5 seem to be everybody who was injured post or who was injured post-petition or while the petition was pending and hadn't been adjudicated. And then class 6 is everybody who's had previously sued, met a life, and had had their life owed them money. And that's why they're in class 6 on many judgments that they had obtained. So who is it exactly that you claim that you're representing? In the MDL proceedings, my ---- the people that were the putative class counsel, my office and others, we represented Mr. Westphal, Ms. Klein, and others. Aren't they all part of the mediated settlement group in class 5? When we proceeded to present a preliminary class to the court, Judge Rakoff in the MDL, we had a contractual agreement that we presented. It was a preliminary class settlement. Under the ---- when we presented that as a motion, metabolites joined in the motion, and we asserted that there were thousands of absent class members. We believe that metabolites should be stopped from even denying that there are thousands of persons outside of the 259 people that finally came forward, because those people were actually the ones that were already in the inventory of clients that were the plaintiffs coordinating committee, the PCC. Persons in the PCC became members of the creditors committee in the bankruptcy, and they were trying to preserve their clients' interests and not dilute them by having persons, the thousands of absent class members that metabolites acknowledged existed, that never got notice. And those are the people that we believe are out in the country who were never provided notice and are not before the court, but could be part of class 6, still entitled to recover $2.5 million that's still available to distribute to them.  And the point still remains that there was no appeal taken from confirmation of the plan. So the plan is confirmed. It's done. And the plan takes account of the people in Claim 6 or whoever. The plan is done. And there wasn't an appeal, nor was there a stay sought. Pursued. There was an appeal sought. But it wasn't pursued. And Mr. Westphal's appeal as an individual was dismissed when they paid him an extraordinary amount of money. And we asked, are you paying him off so that you could get rid of the appeal? And Mr. Green denied that. So it was in my client's interest. I had to, you know, we recognized that Mr. Westphal ought to dismiss his appeal of the confirmation. We did seek a stay, and then we withdrew it because the appeal was withdrawn. But, I mean, the bottom line is that the plan's confirmed, and you didn't seek a stay. So to the extent that there are extra scrambles, I mean, there's responsibility on your client's shoulders for having allowed this situation to materialize. So it was a matter of equity. Why should we do anything to try to get rid of the omelet? The scrambled eggs, Your Honor? Why you shouldn't is because the notice was ineffective as to everybody else. When the notice went out, the Bargate notice, it said, and it's on page 679 of the above-named debtors. Persons that are injured by ephedra-related drugs don't perceive themselves to be entities. This was not a plain English notice. We proposed in front of Judge Rakoff a notice that's at page 507. We used Mr. Hilsey, who's an acknowledged expert on notice. He was used by the Federal Judicial Center when they adopted the plain English language standard. And here it is. He had reduced metabolism. But the Judge Rakoff order is final, and that's not under appeal. It's too late to attack the Rakoff order, isn't it? Rakoff was in the NDL. Yes. And you're referring to the class denial? I'm referring to what you're referring to. Oh, no. It's not too late because there's not a final order. Judge Rakoff's order was an interlocking jury order denying class. Counsel, is Judge Rakoff's order before this Court at this moment? How can it be? I don't believe it's a final order. How can it be? He's in New York. I mean, we have got really, really big jurisdiction. The NYSERC is pretty big here. There are limits. But I think it's going the wrong direction. Well, I think to answer your question, no, it's not before the Court. And I'm not challenging that it is. Our point is, is that we didn't feel that it was necessary to appeal that Court because we knew that this entity, because Metabolize Counsel told us in advance, they were going to file for bankruptcy. So we said, well, let's go to bankruptcy and adjudicate this issue in bankruptcy because the settlement agreement we had had a provision that said that our settlement program would be adopted as the plan in bankruptcy. And that was avoided. That was ignored. And that was a real problem because the class that we proposed never got notice of  So what you have is the expediency of Well, actually, you mentioned you did submit a claim that you didn't conform with the requirements of the notice. I mean, you did submit a claim on behalf of those people, but it wasn't adequate. And it was determined that it wasn't adequate. There is no way, Your Honor, for an individual class representative to present the claims of thousands of other persons, especially as it relates to medical records, which is what was being asked for. It prohibits that. So the only way that this process or the only way that that was a finding by the court as to a reason to exclude the class, but there is no way that that makes sense from a class jurisprudence perspective. Thank you, counsel. Our questions have taken you a minute over your time, so your time is fully expired. Even rebuttal? Yes. Oh, I didn't know that. I thought this was just the clock. Well, the clock, regrettably, keeps going. But when you see the red light, you know that you're in deficit time. You have exceeded your time. Your Honors, it's been a pleasure to be before you. Very well. Thank you very much, counsel. We'll hear from the other side. May it please the Court, Amy Corderolo on behalf of MII Liquidation, Inc., also known as Metabolife. Understanding that the panel has received a Metabolife supplemental brief, there are just a few key threshold issues I'd like to cover. First, the mediation trust is the sole source of recovery for Mr. Westfall's class claim. The plan of liquidation contemplates a bifurcated disposition, and ephedra claims are handled separately from other claims, other general unsecured claims. The money in the mediation trust, as is detailed in the declaration of David Higgins submitted in connection with our mediation brief, is all but gone. There is a very small portion that remains that has not been allocated amongst the ephedra plaintiff claimants. That is about $86,000. Mr. Westfall's claim is a $125 million claim. In addition, counsel for appellant has ignored the fact that his client, in addition to the entire world, have released all potential claims, ephedra claims against Metabolife. When the plan was confirmed, the plan in connection with the confirmation order gave a very broad release and a very broad injunction. Counsel, he suggests, as I understand his argument, that the release was only as to his personal claim, not to any claims that he might assert on behalf of the class. There's two issues there. And first is his release, definitely he has released his individual claim. That presents a problem for standing in connection with this appeal. Beyond that, the injunction that has been in place when the plan was confirmed makes it so that not only is the potential class, the hypothetical class, headless, it is memberless. There are no potential plaintiffs, potential claimants left to be used. Well, what is he referring to when he talks about thousands of potential claims? You heard his comment this morning. I did hear his comment. And those any comments, my understanding of his comments, are that they were comments that were made prior to the filing of the bankruptcy and in connection with the MDL court in the settlement. And I honestly am not sure exactly what in the record he's referencing. But the fact that there were 250-plus other claimants that filed a Federal claims in the bankruptcy court, the fact that there were 30 claims filed after the bar date notice went out, both published and sent, Mr. Westphal received that bar date notice, there were plenty of opportunities. And potential class members did receive notice. They did receive an opportunity to file a claim. In fact, a few of Mr. Westphal's co-plaintiffs in the MDL court filed their own claims. They did not rely upon a class claim. There is no evidence in the record that anyone relied upon Mr. Westphal's purported class claim in opting to not file their own individual claim. There were many individual claims filed and resolved. So Mr. Westphal has released his claim. The rest of the world is enjoined from pursuing future claims against Ephedra, and the language in the plan is quite broad in terms of how far the injunction reaches. It's all claims that were mediated, could have been mediated, and extends beyond that to all claims Ephedra-based against Metabolife. Anything further? No, Your Honor. Thank you. We believe that the class claim was properly denied and ask that the Court uphold the decision. Thank you, counsel. The case just argued will be submitted for decision, and we will hear argument next in George Nicolay and Associates v. Aquavest.
judges: O'scannlain, Rymer, Wardlaw